The Court,

Gilpin, Ch. J.,

charged the jury: That it was incumbent upon the plaintiff to prove that the corn was his, and that it had been unlawfully taken or detained from him as his property by the defendant, and the only question to be determined in the case was, whether there had been an actual and bona fide sale of it by Biddle to him before the levy of the sheriff". In every sale of personal property, the law required that a valuable consideration should be paid or secured, or promised to be paid for it, and that it should be delivered into the possession of the purchaser as soon as it conveniently could be done after the sale. It was not necessary, however, that the property should be actually paid for at the time of the purchase; *455 nor was it necessary that the actual delivery of it should he immediate and accompany the sale of it. In a sale of property to be delivered thereafter, it was sufficient, if it was delivered within the time mentioned; if no time be mentioned, and an. immediate delivery was inconvenient or impracticable, as where corn is sold in the ear and is afterwards to be got off and ready for market by the seller, or is to be delivered as soon as the purchaser shall be prepared to receive or ship it, it was sufficient, and would transfer the property in the thing sold from the vendor to the purchaser. But in such a case, the sale should be an actual and positive sale, and such as would transfer the right of property from the former to the latter in good faith, or it would be invalid.
Booth, for plaintiff.
Gordon, for defendant.
The plaintiff had a verdict.